JACK MATTHEWS v. THE STATE.

No. 218.    Decided December 1, 1909.

**1.—Local Option—Continuance.**

Where, upon trial for a violation of the local option law, it appeared that the State did not rely upon the transaction which the defendant expected to prove by the absent witness, and this was made known to the court before the application was overruled, there was no error in refusing the continuance.

**2.—Same—Refreshing Memory of Witness.**

Where, upon trial for a violation of the local option law, it appeared that the main State's witness was palpably hostile there was no error to refresh the witness' memory by reference to his testimony before the grand jury; be-

sides, the bill of exceptions did not show the answer to the question propounded to him, and there was no error.

Appeal from the County Court of Grayson.  Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $85 and forty days confinement in the county jail.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law.  When the case was called for trial he applied for a continuance on account of the absence of the witness Gray.  The diligence was sufficient and Gray's absence is shown to be unavoidable by reason of paralysis.  The State's case was made by the witness Jones who testified to the effect that he, Jones, on divers occasions, along during the summer of 1908, between the Democratic Primary election and the general election in November had purchased whisky in a certain house; that some of these purchases had been made from appellant in this way:  He, witness, either alone or with others would go into the house and call for a toddy; that the whisky would be set out either by appellant, or Harrington, or the negro porter; that after drinking the toddy he would place the money under a glass and go away; that he never saw anybody get the money and did not know that appellant received any of it; that among others who drank with him on more than one occasion was the absent witness Gray.  Appellant expected to prove by Gray that he, Gray, did not see appellant place any whisky on the counter at any time when he was with the witness Jones.  The court qualifies the bill of exceptions by stating that before the motion was acted upon by the court the assistant county attorney filed a sworn contest substantially as follows:  That the State does not rely upon any transaction wherein E. S. Jones in company with J. W. Gray, procured intoxicating liquor from Tom Harrington; that the State expects to prove by the witness Jones that he procured intoxicating liquor from Jack Matthews at various and sundry times, the exact date of which he could not specify; that J. W. Gray was not present upon such occasions and that he at different times also procured intoxicating liquor from one Tom Harrington, upon one of which occasions Gray was present and that the State does not rely in this cause upon that transaction.  And the court further states that Gray was with Jones on several occasions when he bought liquor in the place; that he had frequently bought liquor in the said place along and in company with others, but that as to whether Gray was with him at any time when he bought from the defendant, he could not state.  Under this statement of the

judge to the bill of exceptions, we are of opinion there was no error in refusing the continuance. We deem it unnecessary to enter into a further discussion of the matter. There are some exceptions to the charge which we do not think are well taken. The court submitted the issues in a proper manner in the charges given. Nor was there any error in refusing to give a peremptory instruction to acquit.

During the examination of the witness Jones the attorney representing the State asked if the witness had been before the grand jury, and whether his memory was fresher then than it was at the time he was testifying, and further if he did not testify before the grand jury that the transaction occurred on a certain date. To this appellant interposed objections that it was immaterial, irrelevant, hearsay and an effort to divulge the secrets of the grand jury without any excuse. The bill fails to show what the answer of the witness was or would have been and it is, therefore, insufficient to present the question. The objections are rather general. This character of testimony is sometimes authorized as a means of refreshing the memory of the witness. The court, however, qualifies the bill by stating that this witness had been on the stand for some time and evaded practically every question asked him; that it was apparent to the court that he was not only an unwilling witness, but was hostile to the State and had persistently used the expression in answer to questions that he could not remember any specific date and the court permitted the leading questions to be asked him because he was palpably hostile and permitted the questions to be asked with reference to the grand jury for the purpose of refreshing his memory. For the reasons stated we think the bill is insufficient in not showing what the answer was or would have been, and under the authorities the bill as qualified does not show error.

Believing that there was no error of sufficient importance, if error at all, in the record requiring a reversal of the judgment it is ordered that it be affirmed.

*Affirmed.*